

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00205-CR

_____

BOBBY WAYNE BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 13-0005X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In 2015, Bobby Wayne Brown, pursuant to a plea agreement, pled guilty to two counts of sexual assault of a child[1] and was placed on deferred adjudication community supervision for a period of ten years. In 2017, the State moved to proceed to an adjudication of his guilt, alleging several distinct violations of Brown's community supervision. Brown pled true to four of the State's allegations and, after an evidentiary hearing, the trial court granted the State's motion, adjudicated guilt, and sentenced him to ten years' imprisonment. Brown appeals.

Brown's attorney on appeal has filed a brief that states that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. This meets the requirements of *Anders v. California*, since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By letter dated January 12, 2018, counsel mailed to Brown copies of the brief, the appellate record, and the motion to withdraw. Brown was informed of his rights to review the record and file a pro se response. By letter dated January 17, 2018, this Court informed Brown that any pro se response was due on or before February 16, 2018. On February 26, 2018, this Court further

---

[1]*See* Tex. PENAL CODE ANN. § 22.011(a)(2) (West Supp. 2017).

informed Brown that the case would be set for submission on the briefs on March 19, 2018. We received neither a pro se response from Brown nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 19, 2018
Date Decided:       March 23, 2018

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.